ALBANY,
October, 1824.

Hall
v.
Rochester.

to make the proper suggestion, and give a history of the sub-sequent proceedings upon separate paper, and attach this to the original roll, as is done when you assign new breaches, *toties quoties*, on the record of judgment upon a bond for the performance of covenants. And SUTHERLAND, J. said, that if it were otherwise, that would be no argument in favour of a new record ; for this Court, on application, would grant leave, of course, to continue the original record in the hands of the Clerk, provided it were necessary.

Motion denied.

HALL *against* ROCHESTER, ATKINSON and CAMPBELL.

In assumpsit against three, on a joint and several promissory note, two pleaded that the note was fraudulently and oppressively obtained, upon which the plaintiff entered a *nolle prosequi* as to them, and took judgment by default against the third ; *held*, that the action was discontinued as to all.

In actions *ex contractu*, against several, unless the defence as to one go merely to his personal discharge, a *nolle prosequi* cannot be entered as to him, and the suit be continued as to another.

ASSUMPSIT, on a joint and several promissory note—payee against the makers. The first count was on the note, and the second and third were the common money counts, and an account stated. *Rochester* and *Atkinson* pleaded *non-assumpsit* ; and, to the first count, that the note was fraudulently and oppressively obtained, setting forth the particulars. Upon the receipt of this plea, the plaintiff entered a *nolle prosequi* as to them, and took a judgment by default against *Atkinson*, which it was now moved to set aside as irregular.

*E. Pomeroy*, for the motion, said the *nolle prosequi* was a discontinuance as to all the defendants. (*Noke* v. *Ingham*, 1 *Wills*. 89. *Hartness* v. *Thompson et al.* 5 *John. Rep.* 160. *Morton* v. *Croghan*, 20 *John. Rep.* 122, *per Spencer, Ch. J.* 1 *Chit. Plead.* 546. *Tidd*, 632.) The result of these authorities is, that in actions in form *ex delicto*, the plaintiff may enter a *nolle prosequi* as to one of several defendants ; but in actions *ex contractu*, unless the defence go merely to the personal discharge of one, a *nolle prosequi* cannot be entered as to one and the suit be continued as to the other, but the *nolle prosequi* discontinues the suit as to the whole. Actions *ex contractu*, against several, are joint. The plaintiff, to sustain his action, must shew a joint contract made by

all ; and a plea, by one, to the action of the writ, enures to the benefit of all the defendants. (1 *Chit. Pl.* 31, 32. *Boulter* v. *Ford*, 1 *Sid.* 76. *Sheriff* v. *Wilkes et al.* 1 *East*, 52. *Gray* v. *Palmer et al.* 1 *Esp. Rep.* 135.) That the note is joint and *several*, makes no difference. The plaintiff has elected to proceed against the defendants jointly ; and, for the purposes of this question, the demand must be treated as a joint one.

*F. M. Haight*, contra, said there was no direct authority for this application. In *Morton* v. *Croghan*, cited by the defendants' counsel, the decision is put on the ground that the defendants were all *necessarily* parties. Accordingly, per *Spencer*, J. " Where all the defendants are necessarily parties, and the plaintiff was obliged to make them parties, as in a proceeding against terre-tenants, a discontinuance as to some is a discontinuance as to all." Here the action was not *necessarily* joint. It might have been several ; and it is the same thing to the defendant (*Atkinson*) as if he, alone, had been sued.

*Curia.* The distinction contended for, by the defendants' counsel, is fully borne out by the cases to which he refers.

Motion granted.

------

VAN LEW and others <em>against</em> KING.

ON the 8*th May*, 1824, the plaintiffs brought assumpsit for money had and received, against the defendant, in the *New-York* Common Pleas, and laid their damages at $250. The cause was tried the 25*th September*, and the jury found for the plaintiff, $38,33. The total amount of the accounts in controversy between the parties, was $394. The plaintiff

the action might have been brought before a justice of the peace.

<em>margin note:</em> ALBANY, October, 1824.

Van Lew v. King.

In the court of common pleas of the city of New-York, the plaintiff has costs, tho' he recover less than $50, if his recovery exceed $25. And this, tho'