Selden, J.
As % 397 stood in fhe*Code of 1849 its true construction was extremely difficult, and gave rise to a great variety of opinions; but, through the light afforded by subsequent amendments and by the decisions of this court, its meaning has been rendered comparatively plain. The chief difficulty consisted in determining whether it was intended to apply at all to cases where a joint liability on the part of the defendants was alleged, or whether its application was not confined to equity suits and to those few cases at law in which defendants might be joined in the same action, although only separately liable, as in actions upon bills of exchange and promissory notes. This question was settled by this court in the cases of Munson v. Hegeman, decided in April, 1853, and Beal v. Finch (1 Kern., 128). In the first of these cases it was held that in an action against two defendants, charging them with a wrongful conversion of personal property, either defendant might be called as a witness for the other; and in the last, that in an action against several for an assault and battery, one defendant might be called as a witness for his co-defendants, even after the plaintiff had made out a prima facie case against all
*484 In the latter case the decision turned in a great measure upon the true interpretation of the following clause contained in § 397, as amended in 1851 and 1852, viz.: “ and as to which a separate and not joint verdict or judgment can be rendered.” The question was whether this clause was intended to be read as if written “ and as to which a separate judgment can and a joint judgment cannot be rendered,” or whether the words “ and not joint” were inserted merely for the purpose of making the meaning of the word “ separate” more clear. In adopting the latter interpretation, it is plain that the court followed the more natural and less strained construction of the language used. Besides, the opposite construction would have left the law precisely as it stood before, while it was deemed apparent, not only from the general scope and spirit of the Code, but from the nature of the provision itself and of the amendments from time to time made, that the legislature must have intended to introduce some change. These amendments were adopted after the difficulty of interpreting the section had been made manifest by judicial discussion, and it would have been so easy at that time to have made its meaning plain, if the provision was designed to be merely declaratory, that it was difficult to suppose that this was what was intended.
Under the interpretation of the provision adopted by this court, the right of a defendant to examine his co-defendant as a witness is subject to two limitations only : First. The case must be one in which a separate judgment can, that is, can with propriety and consistently with settled legal principles, be rendered; and, Second. The examination must be confined to matters as to which the witness is not jointly interested with the party calling him. The first prescribes a limit to the right of a party to call his co-plaintiff or co-defendant as a witness in the cause at all, because where the case is one in which no separate judgment can be rendered, neither party can be a witness for the other. *485 The second limitation is to be made available after the party is sworn as a witness.
As a general rule, therefore, in all actions ex delicto, any defendant may call his co-defendant as a witness, and no preliminary objection can be taken to his competency; because, in all that class of actions, judgment may be rendered against one or more of several defendants, and in favor of the others. But even in actions of this kind the pleadings may be such as to preclude the calling of a defendant as a witness. If that which is equivalent to the general issue at common law be pleaded, that is, if all the material allegations of the complaint are denied, one defendant may call his co-defendant as a witness; because any defendant disproving those allegations as to himself is entitled to judgment; and it makes no difference in this respect whether the answer be joint or several.
But suppose three trustees of a school district, sued for illegally issuing a warrant upon which property of the plaintiff had been seized, should unite in an answer, admitting the issuing of the warrant and the.taking of the property, but justifying under certain proceedings of the district for the levy of a tax, could one defendant be a witness for the others in that case? Clearly not; because there can be no separate judgment in such a case. To use the language of Johnson, J., in Beal v. Finch, “ the same event necessarily attends on the rights ” of all the defendants'. They must all abide the fate of the proceedings upon which they have united in resting their defence. It is impossible to hold that in such a. case one defendant may be called, to prove facts essential to the validity of the proceedings relied upon, and that those facts may be taken into consideration in determining the issue as to one or more of the defendants, and excluded in deciding the same issue as to the other defendants. The legislature never intended to authorize the same jury to find the same facts both true and false upon the same record. On the contrary such a construction is expressly excluded *486 not only by the clause as to separate judgments, but' by that which limits the examination to matters in respect to •which the party called is not jointly interested with the party calling him.
The single illustration which has been here given is sufficient to show that, in a common law action, unless there are separate issues, or, at least, issues which may properly be regarded as separate, as where an answer, joint in form, denies some or all of the material allegations of the complaint, one defendant cannot call his co-defendant as a witness. The language of Mr. Justice Parker, in Beal v. Finch (supra) must be understood, and probably was intended to be understood, with this qualification. As, in such an action, if there are no separate issues, or none which the law will so regard, there can be no separate judgments, it follows that one defendant cannot, if objected to, be called or sworn as a witness for the others.
The application of this branch of the restrictions upon the right of the defendants to call each other as witnesses is comparatively easy. There can be no great practical difficulty in determining, in the combined light of the common law and the Code, in what cases a separate judgment would be proper. The Code has greatly extended this class of cases. In all actions ex contractu, at common law, against several defendants, the plaintiff was required to make out a joint cause of action against all the defendants, or he must fail as to all. Section one hundred and thirty-six, subdivision three, was intended to change this rule. It provides that, in an action against two or more defendants, “if all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant or defendants if the action had been against them, or any of them, alone.” This provision applies to all actions indiscriminately, whether founded upon contract or tort; and, as I understand its terms, it is immaterial whether the complaint alleges a *487 joint liability only, or one which is both joint and several. The right of recovery is to be regulated in this respect by the proof, and not by the allegations in the complaint. In other words, every complaint against two or more defendants is to be treated as both joint and several. The object of the provision obviously is, to prevent a plaintiff who proves a good cause of action against part of the defendants, but not against the others, from being put to the delay and expense of a new action. It was not intended to change the law in any other respect; but simply applies to actions upon contract the same rules which at common law were applied to actions for torts.
If, therefore, in any action upon contract against several, the defendants, either jointly or severally, deny the material allegations of the complaint, or any of them, judgment may be given against some of the defendants and in favor of others. Under such a state of the pleadings, therefore, any defendant may call his co-defendant as a witness, and no objection can be taken preliminarily to his examination. But if the defendants all unite in a single defence, which is in its nature joint, and which admits what is alleged in the complaint (as, for instance, payment), there can, if no other issue is presented, be no longer any separate judgment in the case, and neither of the defendants can be called as a witness for the others.
The defence of usury is of the same character. If a security is usurious as to one, it is as to all; and each defendant is equally interested in every fact which would tend to prove the usury. To examine a defendant upon an issue in which he is jointly interested with the party calling him ; and th hi require the jury to do what the most profound philosopher could not do, that is, to consider the testimony in deciding the case as between the plaintiff and the party calling the witness, and entirely to exclude its effect in considering the case as between the plaintiff and the witness himself would be absurd; and there is nothing *488 in the Code which warrants such a proceeding. As there was no issue in this case but that upon the defence of usury, in which all the defendants united, it follows from the views which have been expressed that the objection to the competency of the defendant Morris as a witness for his co-defendants was well taken, and that he was properly excluded.
There are, it is true, some exceptions to the rule that a defendant can be called as a witness for his co-defendant only where there are upon the record issues which are in their nature several; as, for instance, where, in an action upon contracts, one of the defendants is an infant, this fact may be shown, although not pleaded. But, unless the object of calling the witness is stated, the court has, in all cases, the right, in deciding upon his competency, to assume that he is called to support the issues upon the record. I have spoken of calling a defendant as a witness only, because the calling of a plaintiff by his co-plaintiff must, of necessity, I apprehend, be confined to suits of an equitable nature.
It is unnecessary in this case to consider the effect of that limitation upon the right of examining one defendant in behalf of another, which relates to the subject matter to which the witness when competent may be examined. I hope the application of this branch of the new rule may not be found as difficult as it seems to me likely to prove. It will be time, however, to deal with" these difficulties o when they arise. For the present I will simply say that the provision which limits the examination of a party, called by his co-plaintiff or co-defendant as a witness to matters “in which he is not jointly interested or liable with such co-plaintiff or co-defendant,” must necessarily exclude all testimony coming from such a witness which bears directly in any degree upon any issue between the witness and the opposite party. If it bears at all upon such an issue, its bearing must be so remote and incidental merely that it can be readily excluded in considering the *489 case as between the witness and the opposite party, or it' cannot be received.
The judgment should be affirmed.
T. A. Johnson, J.
The principal question in this case is as to the competency of the defendant Morris, as a witness in the action, to establish the defence of usury for his co-defendants, who offered him for that purpose.
The Code (§ 397) provides that “a party may be examined, on behalf of his co-plaintiff or co-defendant, as to any matter in which he is not jointly interested or liable with such co-plaintiff or co-defendant, and as to which a separate and not joint verdict or judgment can be rendered.” His competency to testify in regard to the matter proposed to be established by his evidence is made to depend entirely upon the nature and character of such matter. He may testify as to any matter in which he is not jointly interested with the party calling him, and as to which, or upon which, a several verdict, and not a joint one, can be rendered. But if both are equally interested in the matter sought to be established by the examination, and a separate verdict could not be rendered upon it if established, but a joint one would necessarily follow, the party is incompetent.
The action was upon a joint and several promissory note. All the makers were joined in the action, and they united in the defence of usury, which was the sole defence. This was the, matter which the other two defendants, sought to establish by the examination of their co-defendant, Morris. It is entirely clear, I think, that this was matter in whi.ch the three defendants were jointly and equally interested, and it is equally clear that this matter, had it been established in the action and upon the only issue, was of such a nature that no separate verdict or judgment could have been rendered upon it, but a joint one, in favor of all the defendants, would have been the inevitable consequence. It was matter affecting all the defendants’ interests alike, and which *490 operated, not upon them or upon their rights individually and separately, but upon the note. If established, it destroyed the note entirely as a promise, and the cause of action was gone as to all the makers. It is no answer to this to insist upon that provision in the section, that “ the examination thus taken shall not be used in behalf of the party examined;” for, if J am right, an examination as to such matters is not authorized, and consequently not within the contemplation of the statute excluding the party examined from the benefit of the facts established by his examination. Indeed, it would be manifestly impossible, where there was but one issue, like usury or payment, and the fact should be established under it in favor of one or more of the defendants against the plaintiffs upon the trial by any competent evidence, to exclude any defendant from its benefit. If a note is tainted with usury, it is tainted throughout and never had any vitality; and if it is paid there is no longer anything upon which a verdict or judgment can possibly be predicated against any one. It is not to be supposed that the legislature have driven the courts to this extremity, to require them to admit evidence in an action to prove an obligation void, and, after such fact should-be established, to render a judgment importing that it was both void in toto and valid.
It is true that a plaintiff in actions upon instruments like the one in question may now take a separate judgment against any or either of the defendants, where he has elected to join all the makers in one action. (Code, § 136, subds. 2 and 3.) Before the Code this could not be done, unless one of the defendants interposed some defence personal to himself, and which did not go to the action or the writ, in which case the plaintiffs could enter a nolle prosequi as to him and proceed against the others. Otherwise a nolle prosequi entered as to one defendant was a discontinuance as to all. It was different, however, in actions of tort, in which the plaintiff could always discontinue as to one of *491 several defendants without affecting the action as to the others. The effect of the provision of the Code last referred to seems to be to give a plaintiff the same right to discontinue against one or more of several defendants and proceed against the residue in actions óf contract, where he might have brought an action against them separately, that he previously had in actions of tort. But still the court can only give judgment in favor of one of the several joined as defendants, and against others in cases where a several judgment may be proper. (Code, § 274.) It was well settled before the Code that, in actions ex contractu, a plea by one defendant to the action enured to the benefit of all the defendants who did not plead, and if one of several defendants succeeded, upon a plea going to the merits, the plaintiff was precluded from obtaining any benefit from a judgment by default suffered by other defendants. (1 Chit., 50, 51, 599; Hall v. Rochester, 3 Cow., 374; Morton v. Croghan, 20 Johns., 122.) This, I apprehend, is still the law; and certainly it was never heard, in actions upon contracts, that several defendants, j oining in an answer going to the whole merits of the action, were not all entitled to a verdict in their favor if the truth of the answer was established upon the trial. Beal v. Finch (1 Kern., 128), relied upon by the defendants’ counsel as controlling authority, has little if any bearing upon the case before us. That was an action of tort, in which, upon an issue upon the merits, it was always the rule that such issue could be established in favor of one defendant and against another, and separate verdicts and judgments rendered. The action in such a case against each defendant is founded upon his own act; and although the plaintiff has power to join several as defendants, he has no power to unite them in interest or to create a joint liability as between themselves. No contribution can be enforced between defendants in such an action, and neither can properly be said to have any joint-interest with any other in matter going to the defence of *492 such other, nor are they jointly liable in any sense which affects their interests, as between themselves.
All this is entirely different in actions upon joint promises or those which are joint and several. In that case, all are equally interested in whatever matter goes to destroy the promise; and certain legal interests and liabilities exist between the parties to the promise, whether they are all joined in the action or not. It is clear, therefore, I think, that neither of the defendants was competent to be examined for the others as to the matter interposed as a defence.
The judgment should be affirmed.
Judgment affirmed.