The principal question in this case is as to the competency of the defendant Morris, as a witness in the action, to establish the defence of usury for his co-defendants, who offered him for that purpose.
The Code (§ 397) provides that "a party may be examined, on behalf of his co-plaintiff or co-defendant, as to any matter in which he is not jointly interested or liable with such co-plaintiff or co-defendant, and as to which a separate and not joint verdict or judgment can be rendered." His competency to testify in regard to the matter proposed to be established by his evidence is made to depend entirely upon the nature and character of such matter. He may testify as to any matter in which he is not jointly interested with the party calling him, and as to which, or upon which, a several verdict, and not a joint one, can be rendered. But if both are equally interested in the matter sought to be established by the examination, and a separate verdict could not be rendered upon it if established, but a joint one would necessarily follow, the party is incompetent.
The action was upon a joint and several promissory note. All the makers were joined in the action, and they united in the defence of usury, which was the sole defence. This was the matter which the other two defendants sought to establish by the examination of their co-defendant, Morris. It is entirely clear, I think, that this was matter in which the three defendants were jointly and equally interested, and it is equally clear that this matter, had it been established in the action and upon the only issue, was of such a nature that no separate verdict or judgment could have been rendered upon it, but a joint one, in favor of all the defendants, would have been the inevitable consequence. It was matter affecting all the defendants' interests alike, and which *Page 490 
operated, not upon them or upon their rights individually and separately, but upon the note. If established, it destroyed the note entirely as a promise, and the cause of action was gone as to all the makers. It is no answer to this to insist upon that provision in the section, that "the examination thus taken shall not be used in behalf of the party examined;" for, if I am right, an examination as to such matters is not authorized, and consequently not within the contemplation of the statute excluding the party examined from the benefit of the facts established by his examination. Indeed, it would be manifestly impossible, where there was but one issue, like usury or payment, and the fact should be established under it in favor of one or more of the defendants against the plaintiffs upon the trial by any competent evidence, to exclude any defendant from its benefit. If a note is tainted with usury, it is tainted throughout and never had any vitality; and if it is paid there is no longer anything upon which a verdict or judgment can possibly be predicated against any one. It is not to be supposed that the legislature have driven the courts to this extremity, to require them to admit evidence in an action to prove an obligation void, and, after such fact should be established, to render a judgment importing that it was both void in toto and valid.
It is true that a plaintiff in actions upon instruments like the one in question may now take a separate judgment against any or either of the defendants, where he has elected to join all the makers in one action. (Code, § 136, subds. 2 and 3.) Before the Code this could not be done, unless one of the defendants interposed some defence personal to himself, and which did not go to the action or the writ, in which case the plaintiffs could enter a nolle prosequi as to him and proceed against the others. Otherwise a nolle prosequi entered as to one defendant was a discontinuance as to all. It was different, however, in actions of tort, in which the plaintiff could always discontinue as to one of *Page 491 
several defendants without affecting the action as to the others. The effect of the provision of the Code last referred to seems to be to give a plaintiff the same right to discontinue against one or more of several defendants and proceed against the residue in actions of contract, where he might have brought an action against them separately, that he previously had in actions of tort. But still the court can only give judgment in favor of one of the several joined as defendants, and against others in cases where a several judgment may be proper. (Code, § 274.) It was well settled before the Code that, in actions ex contractu, a plea by one defendant to the action enured to the benefit of all the defendants who did not plead, and if one of several defendants succeeded, upon a plea going to the merits, the plaintiff was precluded from obtaining any benefit from a judgment by default suffered by other defendants. (1 Chit., 50, 51, 599; Hall v. Rochester, 3 Cow., 374; Morton v.Croghan, 20 Johns., 122.) This, I apprehend, is still the law; and certainly it was never heard, in actions upon contracts, that several defendants, joining in an answer going to the whole merits of the action, were not all entitled to a verdict in their favor if the truth of the answer was established upon the trial.Beal v. Finch (1 Kern., 128), relied upon by the defendants' counsel as controlling authority, has little if any bearing upon the case before us. That was an action of tort, in which, upon an issue upon the merits, it was always the rule that such issue could be established in favor of one defendant and against another, and separate verdicts and judgments rendered. The action in such a case against each defendant is founded upon his own act; and although the plaintiff has power to join several as defendants, he has no power to unite them in interest or to create a joint liability as between themselves. No contribution can be enforced between defendants in such an action, and neither can properly be said to have any joint interest with any other in matter going to the defence of *Page 492 
such other, nor are they jointly liable in any sense which affects their interests, as between themselves.
All this is entirely different in actions upon joint promises or those which are joint and several. In that case, all are equally interested in whatever matter goes to destroy the promise; and certain legal interests and liabilities exist between the parties to the promise, whether they are all joined in the action or not. It is clear, therefore, I think, that neither of the defendants was competent to be examined for the others as to the matter interposed as a defence.
The judgment should be affirmed.
Judgment affirmed.