CHRISTOPHER CRAFT v. GEORGE W. SMITH.

1. It is irregular to join the maker and endorser of a promissory note in an action in the justices' court.[*]
2. A nolle prosequi may be entered as to either, or an amendment be made of like effect, and the action proceed against the remaining party.
3. Section two of act of April 6th, 1871, relative to the writ of *certiorari*, enabling this court to determine disputed questions of fact, does not apply to the justices' court or Court of Common Pleas.

---

On *certiorari* to Mercer Common Pleas.

Argued before Justices BEDLE, WOODHULL, and SCUDDER.

For the plaintiff, *John H. Stewart.*

For defendant, *Wesley Creveling.*

---

[*] This can now be done by act of March 8th, 1877. *Rev., p.* 1349

Craft v. Smith.

The opinion of the court was delivered by

SCUDDER, J.   An action was was brought in the justices' court on a promissory note, dated March 9th, 1870, for $94.03, payable seven months after date, made by Joseph W. Price, and endorsed by Christopher Craft, the payee, to George W. Smith, the plaintiff.

The summons was issued against both the maker and endorser.

The state of demand, after setting forth the note and endorsement, non-payment at maturity, and due notice to the endorser, avers that the defendants, and each of them, became liable to pay the plaintiff the principal sum and interest, and demands the same.  A *nolle prosequi* was entered as to the maker, Joseph W. Price ; the remaining parties, Smith and Craft, proceeded to trial, and judgment was entered against Craft, the endorser, for $96.32 and costs.

From this judgment an appeal was taken to the Mercer County Common Pleas, and, upon such appeal, the judgment of the justices' court was affirmed.

The *certiorari* brings up this last judgment and the proceedings in the Court of Common Pleas.

The summons and demand were irregular.  The maker and endorser of a promissory note cannot be joined in the same action as defendants in the justices' court.  Our statute of March 17th, 1855, (*Nix. Dig.* 735, § 14, &c.,*) authorizing such joint action, does not apply to justices' courts.  *Nix. Dig.* 746, § 91.*

The action being thus irregularly brought against the maker and endorser jointly, could the plaintiff enter a *nolle prosequi* as to either, and proceed against the other in that suit ?

When the objection was raised before the Court of Appeals, as it had been below before the justice, and the motion was made to non-suit because of the misjoinder of the defendants, the question was formally presented, as it would be by the use of special pleading in the higher courts.   It is, therefore, necessary to determine what would have been the position of

* *Rev.*, p. 852, § 29.

the parties in such courts prior to the law authorizing the joinder of all the parties liable on a promissory note in one action.

The contract of a maker and endorser of a promissory note is not joint, nor joint and several, but several. Hence, while both are liable to suit on the note, there must be a separate action against each, when proceeding without this statute.

If these parties were, in reality, joint contractors, and were sued as such, there could be no *nolle prosequi* as to one, unless the defendants should sever in their pleas, and one plead some plea which goes to his *personal discharge,* such as bankruptcy, *ne ungues* executor, or the like, *and not to the action of the writ.*

This is the law in actions *ex contractu,* though it is otherwise in actions *ex delicto,* where the liability is always separate and distinct. The reason is, that the plaintiff, to sustain his action, must show a joint contract made by all; and a plea by one to the action of the writ, enures to the benefit of all the defendants. A *nolle prosequi* as to one is, therefore, a discontinuance as to all. *Salmon* v. *Smith,* 1 *W. Saund.* 207, note 2; *Hale* v. *Rochester,* 3 *Cow.* 374; *Tuttle* v. *Cooper,* 10 *Pick.* 281; 1 *Tidd's Pr.* *682; 2 *Archb. Pr.* *248-9.

The case in 10 *Pick.* is a striking illustration of the strictness of this rule, for there, in an action upon contract against three, two of the defendants were defaulted, and the third pleaded that he did not contract jointly with the others; and upon issue joined, a verdict and judgment was rendered in his favor. It was held that the plaintiff was not entitled to judgment against the other defendants, who were defaulted.

A different rule, however, obtains where, in an action *ex contractu,* the defendants are rightfully, but not necessarily, joined, and the right of action is separate and distinct as to each.

Thus, in a case under the statute in New York similar to ours, it was decided that in an action against the makers and endorsers of a promissory note, jointly, on a special count so framed as to show the particular contract of each class of defendants and breaches of the same, and also the money

Craft v. Smith.

counts, stating a joint contract, the plaintiff might enter a *nolle prosequi* as to one class of defendants, and proceed in the action against the other, and such *nolle prosequi* would not operate as a discontinuance as to the latter. *Fuller* v. *Van Schaick,* 18 *Wend.* 547.

So in *Miner* v. *Mechanics' Bank of Alexandria,* 1 *Peters* 46, the action was against the principal and sureties on a joint and several bond. It was held that the defendants, having severed in their pleadings, a *nolle prosequi* entered as to the principal obligor, after judgment, against the sureties, was regular.

It will be observed that in these cases and others like them, cited on the argument, the defendants were properly either under a statute, or because their liability was joint as well as several. It remains, then, to consider the further case, where the defendants are illegally joined, because they are separately liable on distinct contracts. This is the present case, as the parties stand in the justices' court, and in the common pleas, on appeal from that court.

Our elementary law (1 *Chitty's Pl.* *44,) is, that at law the courts will not take cognizance of distinct and separate claims and liabilities of different persons in one suit. Therefore, in an action *ex contractu* against several, it must appear on the face of the pleadings that their contract was joint, and that fact must also be proved at the trial. If too many persons are made defendants, and the objection appear on the pleadings, either of the defendants may demur, move in arrest of judgment, or support a writ of error. If, however, it appear that the parties are separately liable, then, in the absence of technical forms of pleading, which is allowed in justices' courts, a party may have the same benefit as if he had demurred or pleaded separately, and a *nolle prosequi* had been entered as to one, or a motion was made to amend by striking out either of the parties to the action.

In this case the *nolle prosequi* entered before the justice and approved in the Court of Common Pleas, was, in effect, an amendment of the state of demand, by strking out one of

the defendants who had been sued by mistake in that action, and continuing the trial against the other defendant, who appeared and defended the suit. This may be done by the authority given to amend in our statute relating to justices' courts. *Nix. Dig.* 475, § 105.

As to the law regulating such amendments in matters of form under section forty-six of the practice act of 1855, afterwards extended to justices' courts, see *Price* v. *New Jersey R. R. Co.*, 2 *Vroom* 229. The power of amendment given to the courts is very full, in order to prevent the failure of justice by reason of mistakes and objections of form

As there are separate and distinct liabilities in case of the maker and endorser of a promissory note, there can be no objection, except a mere technicality, where they are, by mistake, sued together, by allowing a *nolle prosequi* or an amendment, by which they can be separated in the action, upon such terms as the court may think reasonable, to cover expenses incurred and to prevent surprise.

This is in analogy with the proceedings in actions of tort, in which there is a distinct liability of each defendant, and they may sever in their pleas, and a *nolle prosequi* be entered as to either or any of them.

The judgment of the Court of Common Pleas is, therefore, affirmed.

The court below have certified the evidence of witnesses examined before them, doubtless upon the supposition that they were required to do so by the act of April 6th, 1871, (*Laws of* 1871, *p.* 124,\*) to enable this court to determine disputed questions of fact, if any there should be in the case. This is erroneous, for this act relative to the writ of *certiorari* applies, in this particular, only to extraordinary proceedings outside of regular suits at law. This is obvious from the language used in the statute. Section two of this act states, as the subject matter, "*any tax or assessment, or other order or proceedings.*" These terms do not include a judgment in a court of law. They embrace that large class of cases where persons act by special authority in a *quasi* judicial capacity.

---

\* *Rev.*, p. 99, ¿ 9.

The words, "*tax or assessment*," indicate the general character of these orders and proceedings.

The return to a *certiorari*, directed to a justice of the peace or Court of Common Pleas, is not altered by this recent statute, but remains as heretofore.

Judgment affirmed.

CITED *in Gulick* v. *Groendyke*, 9 *Vr.* 116.